O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LINCOLN, SHARON OWENS,<br><br>           Plaintiff,<br><br>  v.<br><br>GMAC MORTGAGE, LLC a Delaware limited liability company; EXECUTIVE TRUSTEE SERVICES, a limited liability company,<br><br>           Defendants. | Case No. CV 09-04871 DDP (PJWx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Motion filed on September 16, 2009 ] |

    This matter comes before the Court on Defendants GMAC Mortgage, LLC ("GMAC") and Executive Trustees Services, LLC ("ETS")'s motion to dismiss Plaintiffs' First Amended Complaint ("FAC") for failure to state a claim. After reviewing the parties' moving papers, the Court grants the motion with respect to Plaintiffs' federal law claims, but grants them leave to amend their complaint. If Plaintiffs fail to amend the FAC such that it states a federal claim on which relief can be granted, the Court will likely decline to exercise supplemental jurisdiction over the pendent state law claims. See 28 U.S.C. § 1367(c).

## I. Background

Plaintiffs are the owners of real property located at 3667 Olympiad Drive, Los Angeles, California, 90043. (FAC ¶ 6.) On or about May 27, 2008, Plaintiffs entered into and signed a loan modification agreement ("agreement") with GMAC. (FAC ¶ 35, Ex. A.) Following approval and execution of the agreement, Plaintiffs received letters from GMAC notifying them that their required monthly payments would increase. (FAC ¶ 22, Ex. B.) Plaintiffs contend that the agreement did not authorize GMAC to increase their monthly payments. (FAC ¶ 23-24.)

GMAC sent several letters (dated August 4, 2008, August 11, 2008, September 2, 2008, September 11, 2008, October 2, 2008) to Plaintiffs informing them their loan was in default, and a notice of default was recorded on November 19, 2009. (FAC, Exhibits B & D.) ETS, the trustee designated on the Deed of Trust, then commenced non-judicial foreclosure proceedings. (FAC ¶ 23.)

In the FAC, Plaintiffs state the following causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) violations of California Business & Professions Code § 17200 *et seq.*; (4) negligent misrepresentation and general negligence; (5) violations of the Real Estate Settlement Procedures Act ("RESPA"); and (6) violations of California Civil Code § 2924.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal when the Plaintiff's allegations fail to state a claim upon which relief can be granted. When considering a 12(b)(6) motion to dismiss for failure to state a

2

claim, "all allegations of material fact are accepted as true and should be construed in the light most favorable to [the] plaintiff." Resnick v. Hayes, 213 F.3d 433, 447 (9th Cir. 2000).

In Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), the Supreme Court explained that a court considering a 12(b)(6) motion should first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Next, the court should identify the complaint's "well-pleaded factual allegations, . . . assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief" (internal quotation marks omitted)).

**III. Discussion**

A. RESPA, 12 U.S.C. § 2605

Plaintiffs allege that Defendants violated RESPA by failing to respond to "inquiries [made by Plaintiffs] in June, July, August, September, October, December 2008 and in May 2009." (FAC ¶ 81.)

Section 2605(e)(1)(A) of the statute provides that loan servicers that receive a "qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan" must acknowledge receipt, investigate, correct any errors, and respond.  12 U.S.C. § 2605(e)(1)(A).  RESPA defines a "qualified written request" as:

///

3

```
                a written correspondence, other than notice on a
                payment coupon or other payment medium supplied by
                the servicer, that-
                    (I) includes, or otherwise enables the
                servicer to identify, the name and account of the
                borrower; and
                    (ii) includes a statement of the reasons for
                the belief of the borrower, to the extent
                applicable, that the account is in error or
                provides sufficient detail to the servicer
                regarding other information sought by the
                borrower.
```

Id. § 2605(e)(1)(B). Section 2605(e)(1)(A) requires loan servicers to acknowledge receipt of qualified written requests within twenty days. Id. § 2605(e)(1)(A). Following acknowledgment, servicers have a duty to respond to the borrowers "not later than 60 days" in one of three ways outlined in Section 2605(e)(2). Id. § 2605(e)(2).

    The Court is persuaded that Plantiffs' letters dated June 11, 2008, July 13, 2008, August 8, 2008, September 25, 2008 and October 29, 2008 were not qualified written requests within the meaning of RESPA. (FAC, Exhibits C1-C5.)  The letters object to the monthly payment increase, and demand that GMAC present evidence of its authority to enforce the terms of the loan.  They do not, however, identify any error in the servicing of the loan at issue. Accordingly, the letters are not qualified written requests, and GMAC had no duty under RESPA to respond.

    The May 20, 2009 letter disputes the amount that Plaintiffs owed to GMAC under the agreement, and contains a heading identifying the letter as a "qualified written request." (FAC, Ex. C6.)  Even assuming that the letter satisfied § 2605(e)(1)(A)'s definitional criteria, Plaintiffs' claim fails because they filed the present lawsuit on June 15, 2009, and thus, the sixty window for responding to qualified written requests had not yet elapsed. Accordingly, the

claim was premature. See <u>Sicairos v. NDEX West, LLC</u>, 2009 WL 385855 at *3 (S.D. Cal. 2009) (dismissing RESPA § 2605 claim where plaintiff filed suit before sixty-day window for responding to alleged qualified written request had elapsed).

Plaintiffs § 2605 claims against ETS must also be dismissed, with prejudice, because Plaintiffs fail to allege facts indicating that ETS is a loan servicer subject to the requirements of § 2605.

B.  RESPA, 12 U.S.C. § 2609

Plaintiffs next allege that Defendants violated RESPA by failing to "provide an explanation" for "increasing Plaintiffs escrow account." (FAC ¶ 88.)

Pursuant to 12 U.S.C § 2609, lenders and servicers are prohibited from requiring homeowners to maintain more than one-twelfth of the estimated total yearly amount necessary for taxes, insurance premiums, and other charges, plus an additional cushion of one-sixth of the estimated total of such taxes, insurance premiums and other charges. See 12 U.S.C.§ 2609(a). In addition, the loan servicer must notify the borrower "not less than annually of any shortage of funds in the escrow account." <u>Id.</u> § 2609(b).

Plaintiffs fail to allege that the escrow amount GMAC required was in excess of the level that RESPA permits, and they do not allege that GMAC failed to provide the required notice of any shortage of funds. The Court therefore concludes that the factual allegations set forth in the FAC are not plausibly suggestive of a claim entitling Plaintiffs to relief, and thus, their § 2609 claim must be dismissed.

///

///

**IV. Conclusion**

For the reasons set forth above, the Court dismisses Plaintiffs' claims arising under federal law. With respect to the RESPA § 2609 claim, the Court grants Plaintiffs leave to amend the FAC. Plaintiffs must file an amended complaint within twenty (20) days of the date of this Order. Failure to do so will be deemed consent to dismissal of Plaintiffs' federal law claims with prejudice.

IT IS SO ORDERED.

Dated: December 18, 2009

DEAN D. PREGERSON
United States District Judge